IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMILLAH ROBINSON, : | |
| 1612 South 28th Street | |
| Philadelphia, PA 19145, : | |
|         Plaintiff | |
|         v. : | Civil Action No. 05-306 |
| SCHOOL DISTRICT OF THE | |
| CITY OF PHILADELPHIA; : | JURY TRIAL DEMANDED |
| PHILADELPHIA SCHOOL DISTRICT | |
| REFORM COMMISSION; and : | |
| MILLAGE HOLLOWAY, Individually and | |
| as Principal of Audenried High School, : | |
|   c/o Office of General Counsel | |
|   2130 Arch Street : | |
|   Philadelphia, PA 19103, | |
|         Defendants : | |

**AMENDED COMPLAINT**
**Jurisdiction**

1. This action is brought pursuant to 42 U.S.C. §1983.  Jurisdiction is founded upon 28 U.S.C. §§1331 and 1343(1), (3), (4) and the aforementioned statutory provision.  Plaintiff further invokes the supplemental jurisdiction of this Court under 28 U.S.C. §1367(a) to hear and adjudicate a state law claim.

**Parties**

2. Plaintiff Jamillah Robinson is an adult resident of the Eastern District of Pennsylvania and at all times relevant to this action resided in Philadelphia, Pennsylvania.

3. Defendant School District of Philadelphia (hereinafter "School District") is and was a political subdivision under the laws of the Commonwealth of Pennsylvania and the County of Philadelphia and is and was a public school district within the Commonwealth of Pennsylvania

with a principal place of business at 21st and the Parkway, Philadelphia, Pennsylvania 19103. Defendant School District acts as an agent of the Commonwealth of Pennsylvania and the County of Philadelphia for the sole purpose of administering its constitutional, statutory and contractual obligation to maintain and support a system of public education in the City of Philadelphia and at all times relevant to this Complaint operated, supervised, managed and ran the School District of Philadelphia and was the public employer of Defendant Holloway.

    4. Defendant Philadelphia School District Reform Commission (hereinafter "Reform Commission") is a governmental entity existing by virtue of an appointment by the School District of Philadelphia, the Commonwealth of Pennsylvania and the County of Philadelphia and at all times relevant to this Complaint operated, supervised, managed and ran the School District of Philadelphia and was the public employer of Defendant Holloway.

    5. Defendant Millage Holloway was the principal of Audenried High School at all times relevant to this Complaint. In that capacity, Defendant Holloway was the chief administrator of the School and was responsible for carrying out the rules, policies and procedures as established by the School District and Reform Commission at Audenried High School and supervised all employees at Audenried High School. Defendant Holloway is being sued in his individual capacity and in his supervisory capacity as Principal of Audenried High School.

    6. At all times relevant to the instant Complaint, Defendant Holloway was acting under color of state law and was engaged in the course and scope of his employment as an employee, agent and official of Defendants School District and Reform Commission.

**Facts**

7. At all times relevant to this Complaint, Audenried High School was a public school within the Defendant School District located at 31st and Tasker Streets in Philadelphia, Pennsylvania.

8. At the time of the events which gave rise to this Complaint, Jamillah Robinson (hereinafter "the Plaintiff") was sixteen years of age and was enrolled as a student at Audenried High School.

9. While a student at Audenried High School, beginning in November, 2002, a group of Audenried students begin to harass and threaten Plaintiff. This group of students consisted of Sheryl Sills, Shante Holmes, Ashton Johnson, Kendra Peterson, Jessica Campbell and Juanita Brooks (hereinafter "the offending students").

10. Plaintiff promptly told her advisory teacher about the harassment and threats by the offending students. The advisory teacher, who is supervised by Defendant Holloway, told Plaintiff it was "girl stuff" and that Plaintiff should not be concerned.

12. The harassment and threats by the offending students continued into December, 2002, at which time Plaintiff told another teacher, Ms. Dukes, about the harassment and threats. Upon information and belief, Ms. Dukes, who is supervised by Defendant Holloway, took no action against the offending girls to protect Plaintiff and others from future harm.

13. The harassment and threats by the offending students continued into January, 2003.

14. On January 16, 2003, some of the six offending students confronted Plaintiff on school property and threatened to harm Plaintiff.

15. As Plaintiff was concerned for her safety, and frustrated that no action had been taken by Audenried staff to stop the harassment and threats and protect her from harm, she went directly to the school principal, Defendant Holloway.

16. Plaintiff told Defendant Holloway in detail the circumstances of the confrontations and threats as well as her concern for her safety.

17. Defendant Holloway assured Plaintiff that he would resolve the problem immediately and instructed Plaintiff to return to class.

18. Later that day, Plaintiff attended a meeting with Defendant Holloway, the six offending students, the mother of one of the offending students (Kendra Peterson), and another student named Tasha.

19. At this meeting, Defendant Holloway stated that if any of the six offending students engaged in threatening, harassing or retaliatory behavior, that student or students would be immediately expelled.

20. Defendant Holloway led Plaintiff to believe that the meeting would put an end to the harassment and threats to which she had been subjected and that she could safely attend Audenried High School.

21. Immediately after the meeting, Plaintiff was told that the offending students had left school grounds and were planning to "jump" Plaintiff. Plaintiff frantically searched the unattended halls for Defendant Holloway but was told that he had "left for lunch" after the meeting was over and did not return to school.

22. Plaintiff told school guards, who were supervised by Defendant Holloway, what she had heard about the imminent threat to attack her. The guards told Plaintiff that it was "nothing" and that she was being "paranoid."

23. Plaintiff was terrified. She gathered her belongings and left school grounds with another student.

24. While on her way home, Plaintiff was attacked by the six offending students and other unidentified girls. The attack was broken up by Philadelphia Housing Authority employees who escorted Plaintiff home.

25. On or about January 17, 2003, Plaintiff and her mother, Lillian Robinson, went to Audenried High School to tell Defendant Holloway what had occurred, to complain about the lack of protection, and to ask that measures be taken to protect Plaintiff from future harm.

26. Plaintiff and her mother met with Defendant Holloway, Vice Principal Fitzpatrick, school security personnel, another student named Keyionna Gilbert and her parents. Vice Principal Fitzpatrick and the school security personnel are supervised by Defendant Holloway.

27. At that meeting, Plaintiff learned that Keyionna Gilbert had also been attacked by the same offending girls the previous day.

28. Defendant Holloway assured Plaintiff and the others present that if she and Keyionna pressed criminal charges against the offending girls that every one of them would be immediately expelled from Audenried High School.

29. Plaintiff and her mother went directly to the Philadelphia Police District located at 24th and Wolf Streets and filed criminal charges against the six offending girls.

30. As a direct result, the six offending girls were arrested by officers of the Philadelphia Police Department in connection with the assault of Plaintiff on January 16, 2003.

31. Upon information and belief, the offending girls received only a three day suspension from Defendant Holloway in connection with the assault of Plaintiff on January 16, 2003.

32. Upon information and belief, on or about January 23, 2003, five of the six offending girls (Sheryl Sills, Shante Holmes, Ashton Johnson, Kendra Peterson and Jessica Campbell) were

caught on Audenried property in possession of mace, box cutters and/or other cutting instruments.

33. Upon information and belief, and as a result of the above-described January 23 incident, Defendant Holloway imposed only a six day suspension on the offending girls.

34. On or about January 23, 2003, Plaintiff went to Defendant Holloway's office to complain that the offending girls had not, as promised, been expelled. Plaintiff was very concerned for her safety and needed protection from the offending girls. Plaintiff was told that Defendant Holloway had left early.

35. As a result, and at that time, Plaintiff directed her safety concerns to Vice Principal Fitzpatrick who told Plaintiff that Defendant Holloway had been notified about the incident and that he would take care of Plaintiff's safety concerns. Plaintiff was instructed to return to class and was assured that she would be safe. While no school official or employee took steps to provide any protection to Plaintiff, Plaintiff had the presence of mind to call her family and make arrangements to be picked up from school.

36. During this period of time, Plaintiff's mother made repeated telephone calls to Defendant Holloway, leaving messages expressing concern that no actions had been taken against the offending girls and that Plaintiff was in immediate need of protection. Defendant Holloway was never available to accept her calls and never returned any of her calls.

37. On February 2, 2003, after Plaintiff left church, she waited outside for her family to pick her up and bring her home.

38. While waiting in front of the church, one of the offending students, Ashton Johnson, confronted Plaintiff and told her that she was "going to pay" for pressing criminal charges against

her and the other offending girls.  Johnson told Plaintiff that she "was going to get it tomorrow in school."

39.  On February 3, 2003, Plaintiff went to school early and told school security guards what had occurred the previous day at church.  The guards, who are supervised by Defendant Holloway, told Plaintiff that she would be safe on school grounds and that she should go to class.

40.  Despite these assurances, Plaintiff went directly to Defendant Holloway's office between 7:45 and 7:55A.M., prior to the start of the school day.

41.  Plaintiff told Defendant Holloway all that had transpired and that she was afraid to remain on school grounds and go to class.

42.  Defendant Holloway told Plaintiff that her concerns were "mindless" and instructed Plaintiff to go to class.  Plaintiff repeatedly told Defendant Holloway about the direct threats made by the offending girls and that she was afraid to remain on school property.  Defendant Holloway directed Plaintiff, even more sternly, to go to class.

43.  Plaintiff, believing that she had no choice and based on the explicit order of Defendant Holloway, remained on school grounds and went to class.

44.  On February 3, 2003, between 9:30 A.M. to 10:00 A.M., while on the way to her second period class, the offending students attacked Plaintiff and inflicted serious injury to her with a sharp cutting weapon.  As a direct result, Plaintiff sustained serious physical injuries to her face, chest and body as well as serious emotional harms.  Other Audenried students were also injured by the offending students.

45.  At the time and place of the attack, there were no school employees or adults present in the vicinity and, thus, no security to protect Plaintiff and others from a foreseeable harm.

46. Based upon the repeated assurances of Defendant Holloway and his agents and employees, Plaintiff believed that she would be provided a safe and secure environment at Audenried.

47. Based upon the repeated directives of Defendant Holloway and those whom he directly supervised, Plaintiff reasonably believed that she would be reported for truancy and subject to arrest and other serious consequences if she failed to attend the school.

48. Despite the facts and circumstances known to him, Defendant Holloway failed to provide appropriate security at Audenried to protect Plaintiff and others from foreseeable harm.

49. Prior to this attack, and by his actions, conduct and inactions, Defendant Holloway failed to protect Plaintiff from the foreseeable harm posed by the offending students.

50. Prior to this attack, Defendant Holloway repeatedly ordered Plaintiff to remain on school property knowing that, by such an action and under the circumstances known to him, he had increased the danger of harm to Plaintiff.

51. Defendant Holloway and other teachers, supervisors, and employees of the Philadelphia School District were, between November, 2002 and February, 2003, repeatedly told by Plaintiff, her family and others that Plaintiff and other Audenried students had been subjected to ongoing acts of violence, threats and harassment, and that the students who committed these acts were enrolled at Audenried High School.

52. Plaintiff, her family and others repeatedly asked Defendant Holloway and other teachers, supervisors and employees of the Philadelphia School District to take steps to prevent the ongoing violence and threats directed at Plaintiff and others by effectively disciplining the offenders, by providing protection to Plaintiff and other students, or by transferring Plaintiff and other victimized students to another school.

53. Defendant Holloway and other teachers, supervisors and employees of the Philadelphia School District were advised of the details of the ongoing assaults and threats, the physical harms that the Plaintiff sustained, and the impact of these incidents on the Plaintiff's health and emotional well-being.

54. Despite the complaints and requests by the Plaintiff, her family and others, all Defendants failed to take any action to prevent the ongoing attacks, threats and harassment and, moreover, increased the danger of harm to Plaintiff and others by requiring victimized students, including Plaintiff, to remain on school property despite the imminent danger of serious harm.

55. The harms sustained by Plaintiff were the direct and foreseeable result of all Defendants actions, policies and procedures.  Defendants acted with deliberate indifference to the Plaintiff's safety and well-being and created a situation in which others were afforded the opportunity to continue to threaten, assault, harass, intimidate and otherwise harm Plaintiff.

56. As a result of all Defendants' actions, policies and procedures, Plaintiff sustained physical injuries, pain and suffering, psychological harm and emotional distress, some or all of which may be permanent.

57. Defendants acted wilfully, deliberately, maliciously, with reckless disregard or deliberate indifference to the Plaintiff's constitutional and statutory rights.

## FIRST CAUSE OF ACTION
## FEDERAL CIVIL RIGHTS VIOLATIONS
## Plaintiff v. All Defendants

58. The allegations contained in paragraphs 1-57 of this Complaint are incorporated herein.

59. As a direct and proximate result of all Defendants' conduct, committed under color of state law, Defendants deprived Jamillah Robinson of her constitutionally protected due process rights and liberty interests in being secure in her person and bodily integrity and being free from unwarranted assaults and personal threats.  Defendants violated Plaintiff's right to freedom from school officials' deliberate indifference to, or acts which increase the danger of, injury from unjustified invasions of bodily integrity by third parties in a school setting.  As a result, Plaintiff suffered and continues to suffer harm, in violation of her rights under the laws and Constitution of the United States, in particular the Fourteenth Amendment thereof, and 42 U.S.C. §1983.

60. As a direct and proximate result of the acts and omissions of all Defendants, Plaintiff sustained physical injuries, pain, suffering and psychological harm, all to her detriment and loss.

61. Defendant Holloway, whose actions, failures to act, conduct and omissions placed Plaintiff in greater harm, is liable in his individual capacity for the injuries sustained by Plaintiff.

62. Defendant Holloway, in his capacity as supervisor of Vice Principal Fitzpatrick and the teachers, security personnel and others referenced above, is liable for the harms sustained by Plaintiff as he failed to adequately train, supervise and discipline his employees in a manner that would have prevented Plaintiff from being subjected to danger under such circumstances as presented herein.

63. Defendants School District and School Reform Commission have encouraged, tolerated, condoned, ratified and have been deliberately indifferent to the following patterns, practices and

customs and to the need for more or different training, supervision or discipline in the areas of:

a. The failure to take prompt and appropriate action with regard to assaults, threats, harassment and intimidation of Philadelphia public school children by other students;

b. The concealment and/or under-reporting of violent incidents at Audenried High School and other Philadelphia School District schools involving student-on-student attacks, thereby creating the false impression that it was safe to attend these schools without fear of being subjected to violence by other students;

c. The failure to respond to violent incidents at Audenried High School involving student-on-student attacks by taking appropriate remedial measures;

d. The requirement that students be compelled to remain on school property under such circumstances that the student is exposed to greater harm rather than removing dangerous and violent students from the school, transferring the student to another school, or providing the victimized student with other reasonable alternatives;

e. The failure of school district administrators, supervisors, teachers and employees to follow established policies, procedures, directives and instructions regarding the investigation of misconduct by school children and the protection of children who have been the victims of unlawful behavior committed by other students, including but not limited to assaults, threats, harassment and intimidation under such circumstances as presented herein;

f. The failure to properly train, supervise and discipline school district administrators, supervisors, teachers and employees regarding the investigation and punishment of misconduct by students and the protection of children who have been the victims of unlawful behavior committed by other students, including but not limited to assaults, threats, harassment and

intimidation under such circumstances as presented herein;

g. The failure to promulgate or follow policies and procedures which ensure that students are protected from the unlawful conduct of other students, including the prompt expulsion of offending children and/or the prompt transferring of victimized students to other schools under such circumstances as presented herein; and

h. The failure to identify and take remedial or disciplinary action against school district supervisors and employees, including Defendant Holloway, where there was reason to believe that those individuals had failed to adequately respond to incidents of student-on-student violence under such circumstances as presented herein.

64. By these actions, Defendants have deprived the Plaintiff of rights secured by the Fourteenth Amendment to the United States Constitution in violation of 42 U.S.C. §1983.

## SECOND CAUSE OF ACTION
## STATE LAW CLAIM
### Intentional Infliction of Emotional Distress
### Plaintiff v. Defendant Holloway

65. Paragraphs 1-64 of the Complaint are incorporated herein by reference.

66. From November 2002 through February 2003, Defendant Holloway, by his actions, conduct and failure to act, did knowingly, intentionally, negligently, maliciously and/or recklessly inflict emotional distress upon Plaintiff in the absence of any reasonable lawful basis.

67. As a result of Defendant Holloway's actions, conduct and failure to act, Plaintiff suffered and continues to suffer emotional distress, mental anguish and/or related losses.

68. The actions and conduct of Defendant Holloway exceeded the normal standards of decent conduct and were wilful, malicious, oppressive, outrageous and unjustifiable and, therefore,

punitive damages are necessary and appropriate.

## JURY DEMAND

69. Plaintiffs demand a jury trial as to each Defendant and as to each count.

WHEREFORE, Plaintiff requests the following relief:

a. Compensatory damages;

b. Punitive damages;

c. Reasonable attorney's fees and costs; and

d. Such other and further relief as appears reasonable and just.

   S/ Paul Messing
Paul Messing
Attorney ID No. 17749
KAIRYS, RUDOVSKY, EPSTEIN & MESSING
924 Cherry Street, Suite 500
Philadelphia, Pa. 19107
(215) 925-4400
Counsel for Plaintiff